**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KRISTEN H. COLINDRES and ⟩
EDVIN A. COLINDRES JUAREZ, ⟩
⟩
                  Plaintiffs, ⟩
⟩
v. ⟩
⟩        Civil Action No. 1:21-cv-348
U.S. DEPARTMENT OF STATE; ⟩
ANTONY J. BLINKEN, in his official ⟩
capacity as United States Secretary of State; ⟩
and ROBERT NEUS, in his official capacity ⟩
as Consul General of the United States, ⟩
Guatemala City, Guatemala, ⟩
⟩
                 Defendants. ⟩

## COMPLAINT FOR DECLARATORY
## AND INJUNCTIVE RELIEF

COME NOW, Plaintiffs Kristen H. Colindres and Edvin A. Colindres Juarez, wife and husband, and respectfully bring this Complaint for Declaratory Relief challenging the unfounded and unsupported finding made in bad faith and without any facially legitimate and bona fide basis by U.S. Department of State officials. Specifically, Plaintiffs challenge the finding by U.S. Department of State officials that Plaintiff Colindres Juarez is ineligible to immigrate to the United States pursuant to 8 U.S.C. § 1182(a)(3)(A)(ii), as an alien who seeks to enter the United States to engage solely, principally, or incidentally in unlawful activity, based solely on his purely aesthetic tattoos, in violation of, *inter alia*, their procedural and substantive due process rights; entitlement to equal protection of the laws; right to freedom of speech, expressive activity, and fundamental, associational, and marital right to live together as husband and wife; the Immigration and Nationality Act; and the Administrative Procedure Act.

- 1 -

**PREFATORY STATEMENT**

1.      Plaintiffs Kristen H. Colindres and Edvin A. Colindres Juarez bring this action to challenge the refusal by U.S. Department of State officials to issue Plaintiff Colindres Juarez an immigrant visa.

2.      Specifically, on April 22, 2020, and again on December 14, 2020, the U.S. Embassy in Guatemala City, Guatemala ("the Embassy") formally refused to issue Plaintiff Colindres Juarez an immigrant visa as a spouse of a United States citizen, notwithstanding his approved Form I-130, Petition for Alien Relative, and Form I-601A, Application for Provisional Unlawful Presence Waiver, on the grounds that he is permanently ineligible for a visa under 8 U.S.C. § 1182(a)(3)(A)(ii) [INA 212(a)(3)(A)(ii)], as an alien who seeks to enter the United States to engage solely, principally, or incidentally in unlawful activity.

3.      The Embassy's refusal was erroneous, made in bad faith, lacks a facially legitimate and bona fide basis, and violates fundamental and constitutionally protected rights of both Plaintiffs, principally:  marriage, family life, procreation, establishing a home, and bringing up children, as well as travel, speech, expression, and association.

4.      Plaintiff Colindres Juarez is not and never has been a member of a criminal organization.  Nor is he seeking to immigrate to the United States to engage in unlawful activity. Rather, Plaintiff Colindres Juarez entered the United States without inspection when he was fourteen (14) years old, and thereafter lived, worked, married, and raised a family in the United States without incident for twenty-four (24) years, from January 5, 1995 until June 26, 2019, when he returned to Guatemala only in order to properly immigrate to the United States.

5.      This Complaint and the supporting documentation, letters of reference, statements, and explanations submitted herewith constitute not only clear and convincing but overwhelming evidence that Plaintiff Colindres Juarez is eligible for an immigrant visa.

6.      Plaintiffs therefore respectfully request that this Court declare that the Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa as a spouse of a United States citizen was contrary to law and further mandate that the U.S. Department of State issue Plaintiff Colindres Juarez an immigrant visa forthwith so that he can reunite with his wife of fourteen (14) years and twelve (12) year old daughter living here in the United States, thus ending their prolonged and unwarranted family separation of nearly twenty (20) months to date.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1346(a)(2) (claim against United States); 5 U.S.C. §§ 701-706 (Administrative Procedure Act); 8 U.S.C. § 1101, *et seq*. (Immigration and Nationality Act); and 28 U.S.C. § 2201-02 (declaratory judgment).

8.      There exists an actual and justiciable controversy between Plaintiffs and Defendants requiring resolution by this Court.  Plaintiffs have no other adequate remedy at law.

9.      Venue is properly before this Court pursuant to 28 U.S.C. § 1391(e) because this is an action against an agency of the United States and its officers in their official capacity brought in the district where the Defendant agency resides and where a substantial part of the events or omissions giving rise to the Complaint occurred.

## PARTIES

10.     Plaintiff Kristen H. Colindres is a United States citizen by birth and has been married to Plaintiff Edvin A. Colindres Juarez since December 8, 2006.  She has resided in the United States her entire life and presently resides in Jacksonville, Florida.

11.     Plaintiff Edvin A. Colindres Juarez is a native and citizen of Guatemala.

12.     Defendant U.S. Department of State is the federal agency responsible for granting and denying of immigrant visas for applicants outside the United States.  See 8 U.S.C. § 1104.

13.     Defendant Antony J. Blinken is sued in his official capacity as the Secretary of the U.S. Department of State.  Defendant Blinken is the highest ranking official within the U.S. Department of State and is responsible for the actions of his agency.

14.     Defendant Robert Neus is sued in his official capacity as the U.S. Consul General, in Guatemala City, Guatemala.  Defendant Neus is directly responsible for the denial of Plaintiff Colindres Juarez's application for an immigrant visa.  See 8 U.S.C. § 1104(a)(1); 22 C.F.R. § 42.61(a).

## FACTS & BACKGROUND

### *Good Faith Efforts To*
### *Rectify Immigration Status*

15.     Plaintiff Edvin A. Colindres Juarez is a native and citizen of Guatemala.  See Request for Reconsideration dated September 10, 2020 (attached hereto as **Exhibit A**) at pp. 8-12.

16.     Plaintiff Colindres Juarez was born in 1980.  Id.

17.     Plaintiff Colindres Juarez lived and was raised in Guatemala until he entered the United States on or about January 5, 1995, to live with family in New York, New York, until he relocated to Jacksonville, Florida a few years later, where he resided up until June 25, 2019.

18.     Plaintiff Colindres Juarez has worked for Tempool, Inc., a top pool finishing company in the United States, since June 15, 2007.  Id. at p. 14.

19.     Plaintiff Kristen H. Colindres is a United States citizen.  Id. at p. 17.

20.     She was born in 1987.  Id. at p. 16.

21.     Plaintiff Colindres is an award-winning Registered Nurse, who graduated summa cum laude and as the valedictorian of her class at Chamberlain College of Nursing on March 3, 2012, who has worked for Baptist Health in Jacksonville, Florida since April 30, 2012.  Id. at pp. 18-21.

22.     Plaintiffs married on December 8, 2006.  Id. at pp. 23.

23.     Their daughter, S.H.C., was born in 2008.  Id. at p. 25.

24.     On or about March 20, 2015, Plaintiff Colindres filed an I-130, Petition for Alien Relative, for the benefit of Plaintiff Colindres Juarez, with U.S. Citizenship and Immigration Services ("USCIS").  Id. at pp. 27-28.

25.     USCIS approved Plaintiff Colindres' I-130 Petition on or about August 11, 2015. Id. at p. 30.

26.     On or about May 1, 2018, Plaintiff Colindres Juarez filed a Form I-601A, Application for Provisional Unlawful Presence Waiver, seeking a discretionary waiver of his inadmissibility due to unlawful presence under 8 U.S.C. § 1182(a)(9)(B)(v) [INA § 212(a)(9)(B)(v)].  Id. at pp. 32-40.

27.     On or about June 7, 2018, Plaintiff Colindres Juarez submitted biometrics to USCIS in connection with his Application, and USCIS thereafter conducted background and security checks, including a check of criminal history records maintained by the Federal Bureau of Investigation ("FBI").  Id. at p. 42.

28.     On or about January 28, 2019, USCIS approved Plaintiff Colindres Juarez's Form I-601A, Application for Provisional Unlawful Presence Waiver.  Id. at p. 44.

29.     On or about April 30, 2019, Plaintiff Colindres Juarez filed a Form DS-260, Immigrant Visa and Alien Registration Application, with the U.S. Department of State.  Id. at pp. 47-48.

30.     Plaintiff Colindres Juarez paid all required fees; Plaintiff Colindres submitted a Form I-864, Affidavit of Support; and both parties promptly responded to all requests for evidence by the National Visa Center.  Id. at pp. 49-62.

31.     On or about June 26, 2019, Plaintiff Colindres Juarez departed the United States and traveled to Guatemala for purposes of his consular interview.

32.     The Embassy scheduled Plaintiff Colindres Juarez for an immigrant visa interview on July 10, 2019, which Plaintiff Colindres Juarez attended.  Id. at p. 64-65.

33.     The Embassy then scheduled Plaintiff Colindres Juarez for a follow-up immigrant visa interview on August 8, 2019.  Id. at p. 84.

34.     In the meantime, Plaintiff Colindres Juarez submitted, per the Embassy's request, his "expediente de record criminal," or criminal record file, from the Public Ministry of Guatemala.  Id. at pp. 87-91.

35.     Plaintiff Colindres Juarez's criminal record was clean.  Id.

36.     Thereafter, from August 8, 2019 until April 22, 2020, despite repeated inquires on status, Plaintiff Colindres Juarez and his attorney heard only that Plaintiff Colindres Juarez's application was "undergoing necessary administrative processing."  Id. at pp. 69-85.

37.     Finally, on May 6, 2020, the Embassy advised that on April 22, 2020, it refused Mr. Colindres Juarez an immigrant visa "under section 212(a)(3)(A)(ii) of the Immigration and

Nationality Act (INA) as an alien for whom there is reason to believe is a member of a known criminal organization." Id. at p. 67.

38.     Though not specifically mentioned in the Embassy's notice, it appears based on Plaintiff Colindres Juarez's account of his immigrant visa interviews, the assigned consular officer found one or more of Plaintiff Colindres Juarez's tattoos suspicious. Id. at p. 69.

39.     Plaintiff Colindres Juarez has now been marooned in Guatemala for nearly twenty (20) months, all the while separated from his wife of fourteen (14) years and twelve (12) year old daughter, away from his home for the past twenty-four (24) years, and unable to earn an adequate living in support of his family vis-à-vis his long-term employment at Tempool, Inc., causing extreme and undue hardship on all concerned, without any supporting, facially legitimate or bona fide basis for the Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa.

### *Visa Refusals Must Be*
### *Facially Legitimate And Bona Fide*

40.     When the denial of a visa implicates the constitutional rights of a United States citizen, the Courts exercise review to determine whether the consular officer acted on the basis of a "facially legitimate and bona fide reason." See Kleindienst v. Mandel, 408 U.S. 753, 762 (1972); see also Bustamante v. Mukasey, 531 F.3d 1059, 1062 (9th Cir. 2008); Am. Acad. of Religion v. Napolitano, 573 F.3d 115, 125 (2d Cir. 2009); Adams v. Baker, 909 F.2d 643, 647-48 (1st Cir. 1990); Abourezk v. Reagan, 785 F.2d 1043, 1075 (D.C. Cir. 1986).

41.     The lack of any factual allegations to determine whether a specific subsection of 8 U.S.C. § 1182(a)(3)(A) properly applies does not constitute a facially legitimate and bona fide reason for denying an immigrant visa.  In other words, there must be some factual element. Bustamante, 531 F.3d at 1062; Adams, 909 F.2d at 649; see also Allende v. Shultz, 845 F.2d 1111, 1120 (1st Cir. 1999).

42.     The Embassy's refusal of Plaintiff Colindres Juarez's request for an immigrant visa, based on his approved discretionary waiver under 8 U.S.C. § 1182(a)(9)(B)(v), implicates fundamental constitutional rights.

43.     United States citizens have a "protected liberty interest in marriage that gives rise to a right to constitutionally adequate procedures in the adjudication" of a visa application. Bustamante, 531 F.3d at 1062.

44.     The Supreme Court has deemed "straightforward" the notion that "[t]he Due Process Clause provides that certain substantive rights – life, liberty, and property – cannot be deprived expect pursuant to constitutionally adequate procedures."  Id. citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985).

45.     Freedom of personal choice in matters of marriage and family life is, of course, one of the liberties protected by the Due Process Clause.  See Cleveland Bd. of Educ. v. LaFleur, 414 U.S. 632, 639-640 (1974); see also Meyer v. Nebraska, 262 U.S. 390, 399 (1923) (liberty guaranteed by the Due Process Clause denotes "not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, *to marry, establish a home and bring up children*, [and] worship God according to the dictates of his own conscience.") (emphasis added).

### *Plaintiff Colindres Juarez Is Not Seeking To Enter The United States To Engage In Unlawful Activity*

46.     The Embassy's refusal to issue an immigrant visa to Mr. Colindres Juarez because he is purportedly seeking to enter the United States to engage solely, principally, or incidentally in unlawful activity, and is therefore inadmissible under 8 U.S.C. § 1182(a)(3)(A)(ii), is without

a facially legitimate and bona fide basis and unsupported by the totality of circumstances present in this matter.

### No Criminal Record

47.     Plaintiff Colindres Juarez has no criminal record in Guatemala or the United States; indeed, Mr. Colindres Juarez has no criminal record whatsoever.  Id. at pp. 42, 87-91.

48.     Plaintiff Colindres Juarez's FBI background check initiated by U.S. Citizenship and Immigration Services ("USCIS") in connection with his application for relief under 8 U.S.C. § 1182(a)(9)(B)(v), presented no issues or concerns.  Id. at pp. 42, 44.

49.     Likewise, Plaintiff Colindres Juarez's "expediente de record criminal" obtained from the Public Ministry of Guatemala and presented to the Embassy, revealed no issues or concerns.  Id. at pp. 87-91.

50.     Of course, this makes infinite sense, given that Mr. Colindres Juarez has not been present in Guatemala since he was fourteen (14) years of age.

51.     Simply put, there is no plausible way that Plaintiff Colindres Juarez could have possibly affiliated with unlawful activity or be seeking to enter the United States to engage solely, principally, or incidentally in unlawful activity when he has been present in the United States for the last twenty-four (24) years, having arrived in the United States as a child.

52.     There is absolutely no credible evidence in the record that Mr. Colindres Juarez is or was a member of a known criminal organization.  See 9 FAM 302.5-4(B)(2)(h).

53.     The Embassy's explanation of the basis for its finding was deficient under 9 FAM 302.5-4(B)(2)(f), as it fails to articulate or rely upon any of the enumerated factors for consideration.  See 9 FAM 302.5-4(B)(2)(f).

**Character References**

54.     The best evidence of Mr. Colindres Juarez's character is the attestations of those who know him best.

55.     Plaintiff Colindres Juarez submitted to the Embassy thirty-seven (37) letters of reference, written by Plaintiff Colindres Juarez's family and relatives, friends, colleagues, and fellow community members.  Id. at 93-138.

56.     These letters uniformly provide that Plaintiff Colindres Juarez is a peaceful, law-abiding, hard-working, virtuous, loyal, generous, family-loving, devout, and honest person.  Id.

57.     All of these references were universally shocked and surprised to hear of the purported basis for the Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa. Id.

58.     This is because Plaintiff Colindres Juarez is not and never has been a member of a criminal organization, and everyone who has ever known Plaintiff Colindres Juarez realizes just how far from the truth the Embassy's allegation is.  Id.

**Tattoos Are Purely Aesthetic**

59.     To the extent Plaintiff Colindres Juarez's tattoos formed the basis for the Embassy's belief that he is or was a member of a known criminal organization, that conclusion is erroneous.

60.     Plaintiff Colindres Juarez obtained all of his tattoos in the United States, upon becoming the age of majority, as required by local law.  Id. at pp. 140-151.

61.     Plaintiff Colindres Juarez got his first tattoo in the year 2000, in Jacksonville, Florida, five (5) years after leaving Guatemala, when he was twenty (20) years old.  Id.

62.     Plaintiff Colindres Juarez's tattoos do not reflect any affiliation with nefarious or criminal organizations.  Id.

63.     Plaintiff Colindres Juarez's tattoos merely depict Mr. Colindres Juarez's personal priorities in spirituality, religion, family, heritage, optimism, and humor.  Id.

64.     Any assertion that Plaintiff Colindres Juarez's tattoos reflect membership in a criminal organization is misplaced and without merit.  Id.

65.     Plaintiff Colindres Juarez's sole purpose in seeking an immigrant visa is to live with and support his family in the United States.  Id. at pp. 189-90.

### Request for Reconsideration

66.     Given that the Foreign Affairs Manual ("FAM"), to wit:  9 FAM 302.5, leaves open that even past members of known criminal organizations or those still yet members but travelling to the United States for some other purpose unrelated to the commission of criminal acts may not result in a finding of 3A2 ineligibility, Plaintiff Colindres Juarez should have at least been afforded the opportunity to demonstrate, to the Embassy's "satisfaction and with clear and compelling evidence, that he . . . [is not] an active member of [a known criminal] organization."  See 9 FAM 302.5-4(B)(2)(b), (d).

67.     On September 10, 2020, by and through undersigned counsel, Plaintiff Colindres Juarez submitted a Request for Reconsideration to the Embassy.  Id. at pp. 1-206.

68.     Plaintiff Colindres Juarez's Request for Reconsideration established there is no reason to believe he is either a member of a known criminal organization or that he seeks to immigrate to the United States for any other purpose than to reunite with his wife, child, and extended family, and to rejoin a business enterprise at which he has endeavored for over twenty (20) years in order to financially provide for his loved ones, but this time with a legitimized

immigration status and the opportunity, in time, to realize his dream of becoming a naturalized United States citizen.

69.     On December 14, 2020, the Embassy again refused Plaintiff Colindres Juarez an immigrant visa, stating:  "The Immigrant Visa Chief has reviewed the evidence presented to reconsider the 3A2 finding, but he did not find any compelling new information to present to the Department. As a result, Mr. Colindres Juarez remains ineligible under Section INA 212(a)(3)(A)(ii)."   See Embassy Correspondence dated Dec. 14, 2020 (attached hereto as **Exhibit B**) at p. 3.

### Extended Family Separation Is Causing Undue, Extreme, And Unnecessary Hardship

70.     This whole process has become a nightmare for Plaintiff Colindres Juarez and his family.

71.     What began as a good faith endeavor to rectify Plaintiff Colindres Juarez's immigration status has now evolved into a prolonged and potentially endless separation of a close-knit and loving family unit to the significant emotional, financial, and psychological detriment of all concerned.

72.     The love, affection, and joy Plaintiffs Colindres and Colindres Juarez and their daughter S.H.C. share as a family is palpable.  See Exhibit A at pp. 153-171, 175-191.

73.     They deserve to be together.

74.     The anguish and loss felt by the Colindres family in light of their extended separation is excruciating.  Id. at pp. 175-191.

75.     Inexplicably the Colindres family's separation transpired by virtue of an honorable interest in perfecting Plaintiff Colindres Juarez's immigration status but has now gone unexpectedly and bizarrely awry.

- 12 -

76.    The Colindres family is in a catch-22 situation.  Plaintiff Colindres Juarez is now indefinitely stuck in Guatemala.  But Plaintiff Colindres cannot travel to Guatemala to be with him.

77.    Putting aside the COVID-19 pandemic, Plaintiff Colindres suffers from an acute medical condition requiring medical treatment and medication that she cannot obtain in Guatemala.  Id. at pp. 173.

78.    Further, the couple's daughter, S.H.C., suffers from medical ailments of her own, is well-established in a local school, and has never been outside the United States.  Id. at p .186, ¶¶ 42- 43.

79.    Both Plaintiff Colindres and S.H.C. are suffering mightily with psychological symptoms related to family separation.  Id. at pp. 175-91, 193-97.

80.    The Colindres family has been financially wrecked by Plaintiff Colindres Juarez's absence and inability to work.

81.    Plaintiff Colindres has been forced to survive on her resources alone all the while parenting S.H.C. by herself.

82.    By virtue of the Embassy's bad faith refusal to issue Plaintiff Colindres Juarez an immigrant visa without any facially legitimate and bona fide basis, the Colindres family had to retain undesigned counsel and incur legal expenses.

83.    The Colindres family is in dire straits.  The Embassy could have ended their painful separation with the stroke of a pen.  Everyone concerned was desperately hoping and praying that the Embassy did just that.  But on December 14, 2020, these hopes were crushed when the Embassy affirmed its unfounded refusal to issue Plaintiff Colindres Juarez an immigrant visa.  See Exhibit B at p. 3.

84.     The Colindres family now has no other recourse but to seek judicial intervention by this Court in hopes of ending their prolonged, painful, unjustified, indefinite, and unconstitutional separation.

85.     Plaintiffs averred each and every fact stated and provided every proof of evidence and legal authority referenced in Paragraphs 15-64 and 69-80 above in their Request for Reconsideration to the Embassy.

### CLAIMS FOR RELIEF

### COUNT I
### PROCEDURAL DUE PROCESS

86.     Plaintiffs adopt and reallege all foregoing allegations as if stated herein.

87.     The Due Process Clause of the Fifth Amendment to the United States Constitution provides that certain substantive rights – life, liberty, and property – cannot be deprived except pursuant to constitutionally adequate procedures.

88.     The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa implicates certain protected liberty interests, to wit:  marriage, family life, procreation, to establish a home, bring up children, as well as travel, engage in expressive speech, and associate.

89.     The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa was and is in violation of the Due Process rights of both Plaintiffs to constitutionally adequate procedures – nominally notice and an opportunity to be heard – considering the private interests affected, the risk of erroneous deprivation of those interests, and the government interest at stake, and the basic entitlement by Plaintiffs to procedures that minimize substantively unfair or mistaken deprivations.

90.     The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa lacks evidentiary support, is entirely conclusory, and without a facially legitimate and bona fide reason; additionally, the Embassy's refusal was lacking in constitutionally adequate procedures.

91.     As a direct and proximate result of the Embassy's unlawful refusal under color of law to issue Plaintiff Colindres Juarez an immigrant visa without constitutionally adequate procedures, Plaintiffs have suffered and will continue to suffer injury.

**COUNT II**
**SUBSTANTIVE DUE PROCESS**

92.     Plaintiffs adopt and reallege all foregoing allegations as if stated herein.

93.     The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa implicates certain protected liberty interests, to wit:  marriage, family life, procreation, establish a home, and bring up children, as well as travel, engage in expressive speech, and associate.

94.     The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa is neither necessary nor the lease restrictive means to achieve any compelling purpose.

95.     There is no rational relationship between the Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa and any legitimate state interest.

96.     As a direct and proximate result of the Embassy's unlawful refusal under color of law to issue Plaintiff Colindres Juarez an immigrant visa, Plaintiffs have suffered and will continue to suffer injury.

## COUNT III
## EQUAL PROTECTION

97.     Plaintiffs adopt and reallege all foregoing allegations as if stated herein.

98.     The United States Constitution prohibits the denial of equal protection of the laws based on national origin, nationality, alienage and/or being a member of a discrete and insular minority.

99.     There is no substantial justification for the Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa, which was based solely on his national origin, nationality, alienage and/or being a member of a discrete and insular minority.

100.    The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa is neither necessary nor the lease restrictive means to achieve any compelling purpose.

101.    The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa based solely on his purely aesthetic tattoos is discriminatory.

102.    There is no rational relationship between the Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa based on his purely aesthetic tattoos and any legitimate state interest.

103.    As a direct and proximate result of the Embassy's unlawful refusal under color of law to issue Plaintiff Colindres Juarez an immigrant visa, Plaintiffs have suffered and will continue to suffer injury.

## COUNT IV
## FIRST AMENDMENT

104.    Plaintiffs adopt and reallege all foregoing allegations as if stated herein.

105.    The First Amendment to the United States Constitution prohibits infringement upon the right to free speech, expression, and association.

106.    The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa infringes upon and suppresses the rights of Plaintiffs to free speech, expression, and association.

107.    The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa and concomitant suppression of Plaintiffs' protected rights of free speech, expression, and association is neither necessary nor the lease restrictive means to achieve any compelling purpose.

108.    As a direct and proximate result of the Embassy's unlawful refusal under color of law to issue Plaintiff Colindres Juarez an immigrant visa, Plaintiffs have suffered and will continue to suffer injury.

### COUNT V
### IMMIGRATION AND NATIONALITY ACT

109.    Plaintiffs adopt and reallege all foregoing allegations as if stated herein.

110.    Section 1152(a)(1)(A), Title 8, United States Code, explicitly forbids discrimination in issuance of visas based on race, nationality, place of birth, or place of residence. See 8 U.S.C. § 1152(a)(1)(A).

111.    The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa was discriminatory because it was based on Plaintiff Colindres Juarez's race, nationality, place of birth, or place of residence.

112.    Section 1151(b)(2)(A)(i), Title 8, United States Code, provides that spouses of United States citizens are entitled to immediately available visas to ensure family unity. See 8 U.S.C. § 1151(b)(2)(A)(i).

113.    The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa denies and precludes the entitlement of Plaintiffs to enjoy the protected liberty interest of family unity.

114.    As a direct and proximate result of the Embassy's unlawful refusal under color of law to issue Plaintiff Colindres Juarez an immigrant visa, Plaintiffs have suffered and will continue to suffer injury.

## COUNT VI
## ADMINISTRATIVE PROCEDURE ACT

115.    Plaintiffs adopt and reallege all foregoing allegations as if stated herein.

116.    The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa constitutes a final agency action that is arbitrary and capricious.

117.    The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa constitutes an abuse of discretion.

118.    The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa is not in accordance with the law.

119.    The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa is unsupported by substantial evidence and the facts.

120.    The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa was a result of the Embassy's failure to investigate.

121.    The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa is contrary to constitutional right, power, privilege, or immunity.

122.    The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

123.    The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa was without observance of procedure required by law.

124.     As a direct and proximate result of the Embassy's unlawful refusal under color of law to issue Plaintiff Colindres Juarez an immigrant visa, Plaintiffs have suffered and will continue to suffer injury.

## COUNT VII
## BAD FAITH

125.     Plaintiffs adopt and reallege all foregoing allegations as if stated herein.

126.     Section 1182(a)(3)(A)(ii), Title 8, United States Code, provides that in order to find an alien inadmissible for "security and related grounds" a consular officer must know or have "reasonable ground to believe" the alien "seeks to enter the United States "to engage solely, principally, or incidentally in . . . other unlawful activity."  See 8 U.S.C. § 1182(a)(3)(A)(ii).

127.     Plaintiff Colindres Juarez is legally eligible for an immigrant visa, has no criminal record, and merely seeks to enter the United States in order to reunite with his family.

128.     The Embassy has no reasonable basis for its refusal to issue Plaintiff Colindres Juarez an immigrant visa.

129.     The Embassy's decision that Plaintiff Colindres Juarez is admissible to the United States pursuant to 8 U.S.C. § 1182(a)(3)(A)(ii) was made in a conscious effort to bypass the statutory requirement than any decision be "reasonable" as evidenced by the Embassy's repeated failure to provide any underlying factual justification for its inadmissibility finding.

130.     The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa was pretextual, a product and remnant of the misguided politics and anti-immigrant policies of the prior administration, and not based on the underlying merits of Plaintiff Colindres Juarez's matter.

131.    As a direct and proximate result of the Embassy's unlawful refusal under color of law to issue Plaintiff Colindres Juarez an immigrant visa, Plaintiffs have suffered and will continue to suffer injury.

**COUNT VIII**
**REFUSAL NOT FACIALLY**
**LEGITIMATE AND BONA FIDE**

132.    Plaintiffs adopt and reallege all foregoing allegations as if stated herein.

133.    Refusals by consular officers to issue immigrant visas must be facially legitimate and bona fide.

134.    Consular officers do not have wide latitude to deny visa applications without providing a factual basis for an inadmissibility determination.

135.    Consular officers must find specific discrete factual predicates to exist before refusing to issue immigrant visas or the consular officer must prove there is a fact on the record that constitutes a facial connection to a statutory ground of inadmissibility.

136.    The Embassy's refusal to issue Plaintiff Colindres Juarez an immigrant visa lacks evidentiary support, is entirely conclusory, without any facial connection to the statutory basis for its determination that Plaintiff Colindres Juarez is inadmissible to the United States, and without a facially legitimate and bona fide reason.

137.    As a direct and proximate result of the Embassy's unlawful refusal under color of law to issue Plaintiff Colindres Juarez an immigrant visa, Plaintiffs have suffered and will continue to suffer injury.

## COUNT IX
## UNCONSTITIONALLY VAGUE

138.     Plaintiffs adopt and reallege all foregoing allegations as if stated herein.

139.     Section 1182(a)(3)(A)(ii), Title 8, United States Code, fails to give ordinary people fair notice of conduct under its purview, is so standardless that it invites arbitrary enforcement, and does not protect against a standardless sweep.

140.     The Embassy's unlawful refusal to issue Plaintiff Colindres Juarez an immigrant visa is a product of the enforcement of an unconstitutionally vague statute, to wit:  8 U.S.C. § 1182(a)(3)(A)(ii), which permitted the Embassy to arbitrarily refuse Plaintiff Colindres Juarez an immigrant visa without any reasonable or factual basis.

141.     As a direct and proximate result of the unconstitutional vagueness of 8 U.S.C. § 1182(a)(3)(A)(ii) and the Embassy's resulting unlawful refusal under color of law to issue Plaintiff Colindres Juarez an immigrant visa, Plaintiffs have suffered and will continue to suffer injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grants the following relief:

(1)     Declare the finding by U.S. Department of State that Plaintiff Edvin A. Colindres Juarez is ineligible to immigrate to the United States is contrary to law and that Plaintiff Edvin A. Colindres Juarez is not inadmissible pursuant to 8 U.S.C. § 1182(a)(3)(A)(ii);

(2)     Mandate that Defendants issue Mr. Colindres Juarez an immigrant visa forthwith so that he can reunite with his wife and daughter living here in the United States;

(2)     Award costs and reasonable attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(b); and

(3)     Grant such further relief as the Court deems just and proper.

Date:  February 8, 2021

Respectfully submitted,

**s/ Christopher W. Dempsey**
CHRISTOPHER W. DEMPSEY
D.D.C. Bar ID:  AR0006
DEMPSEY LAW, PLLC
221 N Hogan Street, Suite 368
Jacksonville, Florida 32202
Telephone:  (904) 760-6272
Fax:  (904) 587-0372
Email: chris@cdempseylaw.com